**WILLIAMS v. STATE.**
No. A-12019.

Criminal Court of Appeals of Oklahoma.
June 9, 1954.

duced evidence in an effort to show that the magistrate issuing the search warrant did not interrogate the officer signing the affidavit for search warrant concerning the allegations in the affidavit.

The evidence disclosed that the officer signed the affidavit and that the magistrate did witness the signature. The affidavit was properly acknowledged.

■ The affidavit for search warrant and the search warrant were by counsel for defendant offered in evidence in support of the objection interposed. The court and counsel for the defendant thereafter treated the proceedings as a motion to suppress the evidence. The court overruled the motion to suppress. A careful examination of the affidavit for search warrant and the search warrant issued disclose that said instruments are in proper form, and as required by law.

■ The State introduced evidence showing that two sheriff's deputies armed with a search warrant for the search of a barber shop located at 222 East Second Street, Tulsa, together with a store room directly behind the shop on the same floor, found the defendant in front of the shop and that he invited them in and they told him their business and one of the officers had the search warrant in his hand and the defendant started for the back room and said: "Come right on back here, boys", but the officer asked him to first take the warrant, which he did. Thereafter defendant produced some keys and unlocked a cupboard and the officers took possession of twenty half pints of Hill & Hill, sixteen half pints of Cascade, and seven half pints of Old Forrester, all tax-paid whiskey.

The defendant did not testify, and did not offer any evidence on trial.

The defendant has filed no brief. It is apparent that the appeal has been for the purpose of putting off the day of reckoning.

The judgment of the court of common pleas of Tulsa County is in all things affirmed.

JONES and BRETT, JJ., concur.

Elmore A. Page, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty, Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Presiding Judge.

Art Williams was charged by information filed in the court of common pleas of Tulsa County with the unlawful possession of intoxicating liquor, was tried before the court, found guilty and penalty was assessed at imprisonment in the county jail of Tulsa County for thirty days, and a fine of $50.

The record discloses but one ground of error urged in the trial court. Counsel did not file a formal motion to suppress, but when the assistant county attorney, in answer to an inquiry from counsel for defendant as to whether he was ready for trial, answered in the affirmative, he thereupon interposed an objection to the introduction of any evidence on the ground of the invalidity of the affidavit for search warrant, and the search warrant, and intro-